**BV ENGINEERING, a business entity, Plaintiff,**

v.

**UNIVERSITY OF CALIFORNIA, LOS ANGELES (the Regents of the University of California), Defendant.**

**No. CV 86–4708–HLH (Px).**

United States District Court, C.D. California.

April 17, 1987.

Gary S. Phillips, Jaman, Kahn, Bersin & Phillips, Los Angeles, Cal., for plaintiff.

James E. Holst, George L. Marchand, Allen B. Wagner, Berkeley, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING ACTION

HUPP, District Judge.

BV Engineering, a business name for Bert van den Berg, plaintiff, who manufacturers and sells computer software products, brought this action against the Regents of the University of California ("Regents") for copyright infringement, trademark infringement, and breach of contract. Pursuant to stipulation, the suit was restricted to seven counts of copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et. seq.* Plaintiff's complaint alleges that the defendant illegally copied seven of plaintiff's copyrighted software programs and associated documents and seeks damages therefor under the Copyright Laws.

Both parties have moved for summary judgment. Defendant Regents' motion is based on various grounds, including a claim that defendant is entitled to immunity from suit in this context under the Eleventh Amendment. Since the Court finds that the sovereign immunity doctrine associated with the Eleventh Amendment applies to defendant Regents in this case, the Court does not reach the remaining issues posed by the parties on their cross motions for summary judgment.

■ The Board of Regents of the University of California is an instrumentality of the state for purposes of the Eleventh Amendment and its associated doctrine of sovereign immunity. *Hall v. State of Hawaii,* 791 F.2d 759, 761 (9th Cir.1986); *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982). Therefore, the remaining question is whether the doctrine of sovereign immunity associated with the Eleventh Amendment immunizes the Regents against a damage suit for copyright infringement.

The Eleventh Amendment provides in pertinent part:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...."

■ The Eleventh Amendment has a long and, in some respects, obscure history. (*See* 56 page dissent of Justice Brennan in *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 247–302, 105 S.Ct. 3142, 3150–3178, 87 L.Ed.2d 171, 183–217 (1985)). Justice Brennan's long standing dissenting thesis is that the Eleventh Amendment is inapplicable to cases arising under Article III federal question jurisdiction. (*Id.*). The recent case of *Matter of McVey Trucking, Inc.,* 812 F.2d 311 (7th Cir.1987) analyzes the views of the majority (expressed primarily in Rehnquist and Powell opinions) and the minority (expressed in Brennan opinions) on the applicability of the Eleventh Amendment in such cases. This Court agrees with the *McVey* Court's analysis of the Eleventh Amendment and its associated doctrine of sovereign immunity and the Seventh Circuit's conclusion that *Hans v. Louisiana,* 134 U.S. 1, 10

S.Ct. 504, 33 L.Ed. 842 (1890) "stands for the proposition that, as a sovereign, a state is presumptively immune from suit in a federal court even if the cause of action arises under federal law." *McVey Trucking* at 318. Thus, as *McVey* explains, the Eleventh Amendment expressly divests the federal courts of jurisdiction founded on diversity alone in a damage action, but in addition, where federal question jurisdiction is involved, the constitutional history surrounding the Eleventh Amendment necesitates a court created recognition of a state's presumptive sovereign immunity from a damage suit in the federal courts.

Recognizing this presumption of immunity, however, the Supreme Court, in cases subsequent to *Hans v. Louisiana, supra,* has established the proposition that when Congress enacts legislation pursuant to a plenary power articulated in the Constitution (primarily found in Article I, § 8, and in the Fourteenth Amendment), it may, if it properly expresses its intention, override the presumption and create a cause of action for money damages enforceable against an unconsenting state in federal court. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Parden v. Terminal R. Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).[1]

 In addition, this Court notes its further agreement with the *McVey* Court's

conclusion that congress "may abrogate state immunity to suit pursuant to any of its plenary powers." (*McVey Trucking, supra,* at 315–323) (rejecting any of the possible bases for distinguishing between the Fourteenth Amendment and Article I plenary powers as a source for the congressional power to create a cause of action for money damages enforceable against an unconsenting state in federal court).

Thus, the question before this Court is, in light of the current test for determining whether Congress has exercised its power to create a cause of action for money damages enforceable against an unconsenting state in federal court, whether Congress has done so in the Copyright Laws of the United States enacted pursuant to Article I, Section 8, Clause 8 of the Constitution.

In the 9th Circuit, the question of whether Congress intended to do so was, at one time, settled so far as copyright actions are concerned in *Mills Music, Inc. v. State of Arizona* (9th Cir.1979) 591 F.2d 1278. In the *Mills Music* case, the 9th Circuit Court of Appeals recognized the longstanding doctrine that Congress needed to express clearly its intent to subject an unconsenting state to a federally created cause of action for damages in federal court.

The United States Constitution, Article I, Section 8, Clause 8, expressly provides authority for Congress to enact a patent, trademark, and copyright law. In the *Mills Music* case, the Court construed the Copyright Laws' application to "any person" as being sufficiently explicit to include a state. The Court concluded (at page 1286):

"Accordingly, we conclude that the Eleventh Amendment's sovereign immunity does not permit a state to nullify the rights reserved and protected by Con-

---

**1.** The congressional power to subject the States to suit in federal court is sometimes phrased as Congress' ability to abrogate a state's sovereign or "Eleventh Amendment" immunity, which leads to the conceptual difficulty of congressional "abrogation" of a provision of the Constitution. Whether Congressional "abrogation" of a State's Eleventh Amendment immunity is merely shorthand for recognizing constitutional limits on a State's immunity to suit which derive from judicial constructs of sovereign immunity appended to the Eleventh Amendment beginning with the seminal case of *Hans v. Louisiana, supra,* depends upon historical analysis of the development of the Eleventh Amendment and its case law progeny. Rather than attempt to clarify the language utilized by the Supreme Court in reaching the above result, this Court adopts the Seventh Circuit's formulation of this congressional power to describe the holdings of such cases as *Atascadero, Pennhurst, Quern, Hutto, Fitzpatrick, Edelman* and *Parden, supra.*

gress, acting pursuant to the Copyright and Patent Clause."

If it can be said that the *Mills Music* case is still the law in this Circuit, defendant's motion for summary judgment based on the Eleventh Amendment and its associated sovereign immunity doctrine must be denied. However, the Court believes that the decision of the Supreme Court in *Atascadero State Hospital v. Scanlon, supra,* and the 9th Circuit's decision in *Doe By Gonzales v. Maher,* 793 F.2d 1470 (9th Cir.1986) indicate that *Mills Music* is no longer the law.

The decision in *Atascadero State Hospital* points inevitably to this conclusion. In *Atascadero State Hospital,* the Supreme Court made it clear that when Congress enacts a law under one of its powers granted by the Constitution, it may subject States to damage suits under that law in the federal courts only by expressly saying so in the applicable statute. The Supreme Court said, at 473 U.S. 239–40, 105 S.Ct. 3146, 87 L.Ed.2d 178:

> "Thus, we have held that a state will be deemed to have waived its immunity 'only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction'" (citing *Edelman v. Jordan, supra*).

Further, the Supreme Court quoted a prior holding as stating:

> "... in determining whether Congress in exercising its Fourteenth Amendment powers has abrogated the States' Eleventh Amendment immunity, we have required 'an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States'" (*Id.* citing *Pennhurst State School & Hospital v. Halderman, supra*).

 Thus far, the language recites in vigorous terms the previous Supreme Court holdings. The new requirement starts at 473 U.S. 242, 105 S.Ct. 3147, 87 L.Ed.2d 179, where the Supreme Court states that it does:

> "... affirm that Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear *in the language of the statute.* The fundamental nature of the interests implicated by the Eleventh Amendment dictates this conclusion." (Emphasis added).

At page 243, 105 S.Ct. at 3147, the Court says:

> "... it is incumbent upon the federal courts to be certain of Congress' intent before finding that federal law overrides the guarantees of the Eleventh Amendment. The requirement that Congress unequivocally express this intention *in the statutory language* ensures such certainty." (Emphasis added).

And, also at page 243, 105 S.Ct. at 3148:

> "For these reasons, we hold consistent with *Quern, Edelman,* and *Pennhurst* II—that Congress must express its intention to abrogate the Eleventh Amendment *in unmistakable language in the statute itself.*" (Emphasis added).

In the *Atascadero State Hospital* case, the statute provided for suit against *any recipient* of the federal funds involved in the statute being construed. The State of California was such a recipient. The Court held that this fact was insufficient to imply a congressional intention that a state may be sued under the Act for damages in federal court. The Court stated that "[a] general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." (*Id.* at 246, 105 S.Ct. at 3149).

In a respect other than the Copyright Act, the emphatic language of the Court in *Atascadero State Hospital* has led the 9th Circuit to overturn previous holdings implying a congressional intention under certain statutes to allow suit for money damages against an unconsenting state in a federal court. In *Doe By Gonzales v. Maher, supra,* the 9th Circuit was dealing with federal statutory law under the Education for All Handicapped Children Act. 9th Circuit precedent had previously held in cases which cited *Mills Music* that congressional

intention to allow suit in the federal court against the state under this legislation could be implied. *Students of California School for the Blind v. Honig,* 736 F.2d 538 (9th Cir.1984); *Department of Education v. Catherine D.,* 727 F.2d 809 (9th Cir.1984). In *Doe By Gonzales,* the 9th Circuit stated (at page 1493):

"Although these cases formerly were controlling, they can carry no force in the light of the Supreme Court's recent decision in *Atascadero State Hospital v. Scanlon....*"

The Court in *Doe by Gonzales* went on to summarize the substance of the *Atascadero State Hospital* case and to hold that it is binding in the absence of sufficiently expressed language in the federal enactment itself.

While there is no direct 9th Circuit opinion overruling *Mills Music,* the handwriting is unmistakably on the wall and the Court must read that handwriting. Since *Atascadero State Hospital,* other district courts have held that the *Mills Music* decision is obviated and a different result is called for. (*Woelffer v. Happy States of America, Inc.,* 626 F.Supp. 499 (N.D.Ill. 1985); *Richard Anderson Photography v. Radford University,* 633 F.Supp. 1154 (W.D.Va.1986) (the latter case reversing a previous Western District of Virginia case decided in accord with *Mills Music*). *See also Mihalek Corp. v. Michigan,* 595 F.Supp. 903 (E.D.Mich.1984). The 8th Circuit had previously held that a state may not be sued under the Copyright Acts (*Wihtol v. Crow,* 309 F.2d 777 (8th Cir. 1962)).

The Court is reluctant to reach the conclusion that *Mills Music* no longer obtains. Were the Court free to do so, it would hold otherwise, since it believes the view expressed by Judge (now Chief Justice) Lucas in the *Mills Music* case to be sound. In the copyright, trademark, and patent area, it seems reasonable that an intention to bind the States should be implied, particularly in view of the circumstance that the federal courts are the only place where federal copyrights may be enforced (federal court jurisdiction being exclusive under 28 U.S.C. § 1338(a)). However, despite dictum in *McVey Trucking, supra,* suggesting that the *Atascadero State Hospital* language was perhaps not meant literally, (*McVey Trucking* at 324–325), the requirement that the congressional intent to abrogate a state's sovereign immunity must be "express ... in the statutory language" was thrice stated, was specifically attacked in Justice Brennan's dissent, and was a concept borrowed from Justice Powell's dissenting opinion in *Hutto v. Finney, supra.* (*Hutto v. Finney, supra,* Powell, concurring in part and dissenting in part). The chances of the new standard expressed in *Atascadero State Hospital* having been accidentally formulated or unintended to be taken literally are nonexistent.

The majority in *Atascadero State Hospital* was emphatic, even more than emphatic, in stating that congressional intention must be expressly set forth *in the statute.* Such an intention is not set forth in the statute here. 17 U.S.C. § 501(a) merely says that:

(a) Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright.

(b) The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute any action for any infringement of that particular right....

No express statement that the state is included in the general phrase "anyone" is set forth. The rationale of *Mills Music* is necessary to make that implication, but that rationale has, in effect, been overruled in *Atascadero State Hospital.* Accordingly, the necessary unequivocal expression of congressional intent within the language of the statute which is a prerequisite to a finding that Congress has exercised its power to create a cause of action for money damages against an unconsenting state in federal court, is not present and the suit may not be maintained in this District Court.[2] Defendant's motion for summary

---

2. In the complaint, plaintiff prays for injunctive relief as well as damages. Different rules govern a grant of injunctive relief against a state based on a cause of action "arising under" fed-

judgment is granted, plaintiff's motion for summary judgment is denied, and the action is dismissed. This Order is a final disposition of this action for purposes of F.R.C.P. Rule 54.

eral law. Specifically, injunctions against future conduct in violation of federal law are not governed by the same rules of interpretation as are damage claims. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, plaintiff has apparently abandoned the claim for injunctive relief since the joint status conference report mentions only damages as being at issue, plaintiff nowhere mentions an injunction in the opposition to defendant's motion for summary judg-

ment or in plaintiff's own motion, and plaintiff does not refer to defendant's argument that an injunction is inappropriate. In any event, there is no triable issue regarding an injunction. Defendant shows by declaration that when the dispute arose, it collected all copies made of the program and that it will not further distribute them; plaintiff does not controvert this showing and thus it is without factual dispute. Therefore, the court determines that no "live" issue in this case remains regarding injunctive relief.