SMITH, Judge.
Appellant Clayton Konas (Konas) appeals a summary judgment granted appellee Coastal Lumber Company (Coastal) by the circuit court. The court found that Coastal’s interest in timber acquired under an oral agreement from a Gadsden County real property owner was superior to Konas’ subsequently-recorded mortgage on the same property. We reverse.
Konas was second mortgagee of a parcel of timber-covered property located in Gadsden County, Florida. Konas had received his mortgage on the property from the property’s owner, Abdalla Fathaly, who was not a party to the proceedings below. The mortgage between Konas and Fathaly was executed on August 31, 1979, but was not recorded until May 23, 1980. The mortgage included a clause which provided, among other things, that Fathaly as mortgagor would “ ... permit, commit or suffer no waste, impairment, or deterioration of [the property] at anytime.”
Meanwhile, Coastal discovered in February 1980 that Fathaly, notwithstanding the above mentioned provision of the Konas mortgage, was in the process of clearing his Gadsden county property of all standing timber. As a result, Fathaly and Coastal entered into an agreement whereby Coastal would clear all standing timber on the property in return for payment to Fa-thaly on a per-unit basis, payments to be made at the time of cutting and removal. Coastal began timbering operations on the property in March 1980, and continued until April 16, 1980. At that time, Coastal ceased timbering the property until June 25, 1980. Subsequently, Coastal completed timbering on Fathaly’s property in January 1981.
Konas began foreclosure proceedings on the property on June 3,1980, filing on June 6, 1980, a lis pendens concerning the proceedings. The record contains no evidence that either party to this appeal had notice of the other’s interest in Fathaly’s- property.[1] Konas proceeded with his foreclosure action, but suffered a deficiency.
Konas next filed an amended two-count complaint against Coastal, seeking damages for the alleged wrongful impairment of Konas’ security interest in the Gadsden *870 County property, resulting from Coastal’s timbering operations subsequent to May 23, 1980, the date on which Konas’ mortgage was recorded. Both parties filed motions for summary judgment. After a hearing on these motions, the trial court denied Konas’ motion, but granted the motion of Coastal. The court found that the oral timbering agreement between Coastal and Fathaly constituted a present sale of “goods” pursuant to section 672.107(2), Florida Statutes (1983), which vested title to the timber in Coastal at the time the agreement was entered. Accordingly, the trial court found, since title had passed to Coastal, and since Coastal had no notice, actual or constructive, of the existing but unrecorded Konas mortgage at the time of sale, Coastal took title to the timber free and clear of the mortgage, even though Coastal had not recorded its interest in the timber.
Both parties agree that the single issue on appeal is whether an oral, unrecorded agreement for the sale of standing timber is superior to a subsequently-recorded mortgage on the same property. As previously noted, the trial court answered this question in the affirmative, based upon the 1979 amendments to section 672.107(2), Florida Statutes, which reclassified standing timber as “goods” within the meaning of Florida’s UCC provisions.
While we agree with both Coastal and the trial judge that timber may now be classified as “goods” pursuant to sections 672.107(2) and 679.105(l)(h), Florida Statutes, we find Coastal’s reliance on these provisions, as well as section 672.401(3)(b) misplaced, since under section 672.401(1) “irrespective of the title to the goods,” sales under chapter 672 remain subject to recording requirements of chapter 679 relating to secured transactions. Thus, we reject Coastal’s assertion that the requirement that it record its timber interest in order for that interest to be superior to Konas’ subsequently-recorded mortgage was made permissive by the 1979 amendments to section 672.107, in derogation of the common law recording requirements for timber as real property.[2] See also, section 672.107, Florida Statutes Annotated, Sponsors’ Notes (Section 3, Chapter 79-398, Laws of Florida (1979)):
The change [to section 672.107] makes timber to be cut under a contract of severance goods, regardless of the question who is to sever them ... A similar change is made in the definition of “goods” in s. 679.105. To protect persons dealing with timberlands, filing on timber to be cut is required in part IV of chapter 679 to be made in the real estate records in a manner comparable to fixture filings, (e.s.)
Examining chapter 679, it becomes clear that Coastal’s interest in the timber remains inferior to that of Konas. Coastal’s interest, at the time Konas recorded his mortgage, had not yet been perfected, since Coastal had neither filed the requisite financing statement, section 679.302(1), nor recorded its interest with the Clerk of the Circuit Court for Gadsden County, section 679.401(l)(b). That being so, Konas' mortgage has priority since, when conflicting security interests are initially unperfected, the first to attach has priority. Section 679.312(5)(b). Accordingly, contrary to the trial court’s conclusion, Coastal’s oral purchase agreement does not bar Konas’ action for the cutting of standing timber subsequent to the date Konas recorded his mortgage. No other issues concerning Ko-nas’ claims, or possible defenses, have been presented on this appeal. We reverse and remand to the trial court for further proceedings.
REVERSED and REMANDED with directions.
WENTWORTH, J., concurs.
BOOTH, C.J., dissents with written opinion.

. Coastal was informed by Fathaly of a first mortgage held on the property by Andrew Jackson Savings and Loan Association of Tallahassee, which granted its consent to Coastal to timber the property in July 1980. One of Coastal’s employees testified that Coastal’s normal practice was to make a determination as to ownership of property and lienholder’s interests in connection with timber purchase agreements.

. "The provisions of this section are subject to any third-party rights provided by the law relating to realty records, and the contract for sale may be executed and recorded as a document transferring an interest in land and shall then constitute notice to third parties of the buyer’s rights under the contract for sale_” Section 672.107(3), Florida Statutes (1983).