[No. 12444–1–II.   Division Two.   September 10, 1990.]

RAINIER NATIONAL BANK, *Respondent,* v. SECURITY STATE BANK, *Appellant.*

*Michael Roewe* and *Roewe & Bailey,* for appellant.

*Thomas C. Althauser, Olson, Althauser & Lawler, Philip H. Brandt, Michael Riggio* and *Graham & Dunn,* for respondent.

WILLIAMS, J.*—Security State Bank appeals from a summary judgment determining that plantation grown Christmas trees are not "crops" pursuant to RCW 62A.9 (U.C.C. Article 9) but rather that Christmas trees are part of the realty. The trial court then held that Rainier National Bank had a perfected security interest prior to Security State Bank's security interest. Security State Bank argues that Christmas trees are crops and that its perfected security interest should take priority. We agree with Security State Bank, and reverse.

On January 2, 1981, Fred and Evelyn Wall leased property in Thurston County to Ronald Ritter for 10 years for the purpose of growing Christmas trees. On January 29, 1982, Ritter d/b/a Ritter Spraying Co. entered into two security agreements with Rainier National Bank (Rainier Bank). The security agreements listed collateral as follows:

All accounts, contract rights, chattel paper, general intangibles or other rights to payment now or hereafter arising out of business of borrower.

All inventory including but not limited to trees and tree planting equipment of borrower, all accounts, contract rights, chattel paper, general intangibles, documents and equipment, including parts, accessories and accessions thereto; all as now or hereafter owned by borrower or arising out of borrower's business.

The security agreements were properly filed and the security interests perfected. Ritter later entered into a security agreement with Security State Bank (Security Bank), which listed as collateral as follows:

---

*This appeal was heard by a Court of Appeals Judge, together with a retired Supreme Court Justice and a retired Superior Court Judge sitting as Judges Pro Tempore in Division Two.

All crops and farm products and natural increases thereof now growing or to be grown including all proceeds, accounts receivable or contract rights arising from the sale of such crops. All crops and farm product after they have been severed or removed including but not limited to Christmas trees.

Security Bank perfected its security interest on June 4, 1985. Ritter then defaulted on his loans precipitating this dispute regarding the characterization of the Christmas trees which were growing on the property Ritter had leased.

The trial court, in a letter opinion, determined that Christmas trees are not crops for Article 9 purposes. The trial court based that conclusion on the reasoning that the term "crops" is not intended to apply to farm products that are not harvested on a yearly basis and that immature Christmas trees are part of the realty. As a result, the trial court gave priority to Rainier's security agreement covering the realty or leasehold interest. The trial court then entered its order for summary judgment. Rainier Bank later obtained a decree of foreclosure over Ritter's lease including the Christmas trees, which was sold.

I

Rainier Bank argues that the issue of whether the Christmas trees are "crops" or realty is moot because the decree of foreclosure only foreclosed upon the rights to the lease or use of the realty. However, the trial court had determined that the Christmas trees were a part of the realty. As a result, in foreclosing upon the realty, the trial court also foreclosed upon the Christmas trees pursuant to its decision on summary judgment. Furthermore, Rainier Bank admits that the purchaser of the foreclosed lease also obtained the existing Christmas trees. Therefore, the issue is not moot.

II

In reviewing the trial court's decision to grant summary judgment, this court engages in the same inquiry as the trial court. *Hontz v. State,* 105 Wn.2d 302, 311, 714

P.2d 1176 (1986). A motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); *Hontz,* 105 Wn.2d at 311. The parties do not contest the facts, only the legal conclusions resulting therefrom. Therefore, summary judgment was appropriate.

U.C.C. Article 9 applies to "any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods . . .". RCW 62A.9–102(a).

> "Goods" includes all things which are movable at the time the security interest attaches or which are fixtures (RCW 62A.9–313) . . . "Goods" also includes standing timber which is to be cut and removed under a conveyance or contract for sale, the unborn young of animals and *growing crops;*

(Italics ours.) RCW 62A.9–105(h).

██ The term "crops" is not defined by the U.C.C. As a general rule, where a term is not defined in the statute, the term must be accorded its plain and ordinary meaning unless a contrary intent appears. *Dennis v. Department of Labor & Indus.,* 109 Wn.2d 467, 480, 745 P.2d 1295 (1987). "Crop" is defined as "a plant or animal or plant or animal product that can be grown and harvested extensively for profit or subsistence". *Webster's Third New International Dictionary* 540 (3d ed. 1969). These Christmas trees are plants grown and harvested extensively for profit and, therefore, are a crop for purposes of the U.C.C.

██ Rainier Bank's argument that only annually harvested plants constitute crops is unpersuasive. Although many plants mature and are ready for harvesting annually, the speed in which a plant matures does not change its characterization as a crop.

██ Rainier argues that the Christmas trees constitute fixtures.

> "The true criterion of a fixture is the united application of these requisites: (1) Actual annexation to the realty, or something appurtenant thereto; (2) application to the use or

purpose to which that part of the realty with which it is connected is appropriated; and (3) the intention of the party making the annexation to make a permanent accession to the freehold."

*Lipsett Steel Prods. Co. v. King Cy.,* 67 Wn.2d 650, 652, 409 P.2d 475 (1965).

Although the first two criteria are met in this case, the parties to the security agreement knew that Ritter did not intend to leave the trees as permanent fixtures, but rather to harvest the trees upon maturity. As a result, the trees are not fixtures.

### III

Rainier Bank argues that its financing statement covering inventory includes the growing Christmas trees. However, RCW 62A.9–109(3) provides in pertinent part as follows:

Goods are

. . . .

(3) "farm products" if they are crops . . .. If goods are farm products they are neither equipment nor inventory;

RCW 62A.9–109.

Because Rainier characterized its collateral as inventory, it necessarily did not include the growing Christmas trees which are farm products or crops and, therefore, does not have a perfected security interest in the Christmas trees. As a result, Security Bank's perfected security interest has priority.

Reversed.

ALEXANDER, C.J., and FARIS, J. Pro Tem., concur.

Reconsideration denied April 12, 1991.

Review by Supreme Court pending May 15, 1991.