Leonard D. GOODISMAN,
Plaintiff-Appellant,

v.

Scott LYTLE, et al.,
Defendants-Appellees.

No. 83–3822.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1984.

Decided Jan. 24, 1984.

Michael W. Gendler, David A. Bricklin, Bricklin & Gendler, Seattle, Wash., for plaintiff-appellant.

James B. Wilson, Seattle, Wash., for defendants-appellees.

Before WRIGHT, TANG, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal presents three issues: (1) Does the Eleventh Amendment to the United States Constitution bar this civil rights suit against the University of Washington, a state university, and its officials? (2) Does an untenured university professor have a constitutionally protected interest in the University's compliance with its own procedural regulations regarding promotion and tenure? (3) Did the University deprive Goodisman of equal protection of the law by denying a formal hearing that was granted to others similarly situated?

BACKGROUND

Goodisman was a nontenured Assistant Professor at the University of Washington's Graduate School of Public Affairs (GSPA). When he was reviewed to determine whether to promote and grant tenure, the GSPA faculty voted 6 to 4 in favor. Hazleton, GSPA Dean, recommended to the University President that tenure be denied. The President denied tenure on the ground that Goodisman's research and publications were weak.

Goodisman filed a complaint with the University Tenure Committee, challenging the decision and the underlying procedure. The Committee refused his request for a formal hearing, scheduling instead an informal meeting. It invited Goodisman and a faculty supporter and agreed to allow Goodisman's counsel to attend only if he did not participate in the meeting. Goodisman, his counsel and supporter chose not to attend.

The Tenure Committee upheld the challenged decision and procedures. Its decision was upheld by the University's Board of Regents.

Goodisman filed a civil rights suit under 42 U.S.C. § 1983 against the University, the Board of Regents, the Tenure Committee and its Chair, and the University President. He alleged deprivation of due process, equal protection, and his right to counsel. He sought actual and punitive damages, reinstatement with tenure, and other equitable relief.

The district court granted summary judgment to the Defendants. Goodisman does not appeal the holding that his right to counsel was not violated.

## I. ELEVENTH AMENDMENT

The defendants contend that the University and its officials enjoy sovereign immunity, based on the Eleventh Amendment, from federal civil rights suits seeking damages or injunctive relief. U.S. Const. amend. XI. The district court did not address this issue, although it was raised there.

■ Goodisman's argument that this issue is not before us because defendants did not cross appeal is without merit. Appellees may assert any matter on the record to support the judgment below, without taking a cross appeal. *United States v. 101.80 Acres of Land,* 716 F.2d 714, 727 n. 24 (9th Cir.1983).

■ Goodisman's prayer for reinstatement is not barred. The Eleventh Amendment does not prohibit an award of prospective relief that requires ancillary payment from the state treasury. *Milliken v. Bradley,* 433 U.S. 267, 288–90, 97 S.Ct. 2749, 2761–62, 53 L.Ed.2d 745 (1977).

Defendants' contention that *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982), recognized a jurisdictional bar to equitable relief against state officials under the Eleventh Amendment is without merit. That case held that suit to restrain actions of state officials can be prosecuted only if those actions are without authority of state law or violate federal law. *Id.* at 89–91, 102 S.Ct. at 2328–2329. Because Goodisman alleges violations of the United States Constitution, *Cory* does not bar equitable relief.

■ *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), held that suits in form or reality seeking retrospective money damages from a state treasury are barred by the Eleventh Amendment. Goodisman is barred from seeking money damages from the state treasury through liability of University officials in their official capacities. *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345, 1350 (9th Cir.1981), *aff'd on other grounds sub nom. Kush v. Rutledge,* —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). The

Eleventh Amendment does not bar his claims against University officials in their individual capacities. *Id.*

Because the Eleventh Amendment does not preclude all relief sought, we shall consider the merits of the claims.

## II. PROCEDURAL DUE PROCESS

■ Goodisman's principal argument is that University officials deprived him of procedural due process. U.S. Const. amend. XIV. Those due process requirements apply only to liberty and property interests protected by the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

Goodisman does not argue that he has more than a unilateral expectation of tenure. *See Haimowitz v. University of Nevada,* 579 F.2d 526, 528 (9th Cir.1978). He contends that he has a protected property interest in the procedures established for making decisions on promotion and tenure, as set out in the University Faculty Code and GSPA policy statements.

■ A protected property interest exists if there is a "legitimate claim of entitlement" to a specific benefit. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. A subjective expectancy creates no constitutionally protected interest. *Perry v. Sinderman,* 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–700, 33 L.Ed.2d 570 (1972).

■ Procedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest. *Jacobson v. Hannifin,* 627 F.2d 177, 180 (9th Cir.1980). A constitutionally protected interest has been created only if the procedural requirements are intended to be a "significant substantive restriction" on the University's decision making. *Id.; Parks v. Watson,* 716 F.2d 646, 656–57 (9th Cir.1983). If the procedures required impose no significant limitation on the discretion of the decision maker, the expectation of a specific decision is not enhanced enough to establish a constitutionally protected interest in the procedures. *Jacobson,* 627 F.2d at 180.

We find no significant substantive limitations included in the University and GSPA procedures. Many strictly procedural steps are specified, but these have no constitutional significance. *See id.*

Some substantive guidelines are provided. To warrant recommendation for tenure, the candidate must show outstanding ability in teaching or research, command obvious respect from colleagues, and provide a substantial contribution in other aspects of service to the University. University of Washington Exec.Order No. 45. The candidate's whole record must be given careful consideration. University Faculty Code §§ 24–54, 25–41.

The way in which a candidate will fit into the future of the academic unit must be considered. Exec.Order No. 45. Tenure is to be granted only if the candidate is of such character and scholarly ability that the University can justifiably undertake to employ him or her for a career's duration. Faculty Code at § 25–41.

■ These guidelines do not significantly limit University officials' discretion in making tenure decisions. They provide only an outline of relevant considerations. They do not enhance a candidate's expectation of obtaining tenure enough to establish a constitutionally protected interest.

## III. EQUAL PROTECTION

■ Goodisman contends that the Tenure Committee denied him a formal hearing that was provided to other tenure candidates similarly situated, depriving him of equal protection of the law. U.S. Const. amend. XIV; *see Skinner v. Oklahoma,* 316 U.S. 535, 539–42, 62 S.Ct. 1110, 1112–13, 86 L.Ed. 1655 (1942). The Tenure Committee explains that it holds a formal hearing on complaints concerning denial of tenure only if material facts are in dispute.

The district court agreed with the Board of Regents that the Committee's refusal to hold a formal hearing where no material fact is in dispute is justified. That distinction has a reasonable basis. *See Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

Although Goodisman contends that material facts were in dispute here, he identifies none. Denial of a formal hearing did not deprive him of equal protection.

The judgment is AFFIRMED.