39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MARLOW, Plaintiff-Appellant,
v.
MONTANA BOARD OF PARDONS AND PAROLE; et al., Defendants-Appellees.
 No. 93-36090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James D. Marlow, a Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. He contends the district court erred when it dismissed his action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 In 1977, Marlow pled guilty to mitigated deliberate homicide and robbery. In July 1992, Marlow filed an application for executive clemency in which he alleged that in 1985 defendant Heaton told him, in the presence of defendants Forsyth and Mozer, that his co-defendant had confessed before Heaton, Forsyth and Mozer that Marlow was innocent of the homicide. Marlow further alleged that in August or September 1991, defendant Heaton again told Marlow that Marlow's co-defendant had admitted that he alone was responsible for the homicide and that she, Heaton, would speak on Marlow's behalf. The Board of Pardons and Parole ("the Board") denied Marlow's application for executive clemency without a hearing.
 
 
 4
 In January 1993, Marlow filed this section 1983 action which requests injunctive, declaratory and monetary relief for various purported violations of due process allegedly made in connection with his application for executive clemency. Marlow alleges, inter alia, that defendants Thomas and Walters did not investigate any of the factual assertions contained in his application for executive clemency and that the Board "did nothing" to investigate his application. The district court determined that Marlow had no protected liberty interest in executive clemency and dismissed his section 1983 action for failure to state a claim. Marlow appeals.
 
 
 5
 Although the Due Process Clause provides that no state may deprive any person of life, liberty or property without due process of law, a plaintiff must show a liberty or property interest which is protected by the Constitution. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachim v. Fano, 427 U.S. 215, 223-24 (1976). Protected liberty interests may be created by the Constitution, a statute or administrative regulation. See Riggins v. Nevada, 112 S.Ct. 1810, 1816 (1992); Board of Pardons v. Allen, 482 U.S. 369, 376-81 (1987); Hewitt, 459 U.S. at 471-2. A statute or regulation creates a liberty interest if it (a) establishes "substantive predicates" which (b) eliminate official discretion and mandate a particular course of action. Allen, 482 U.S. at 377-80; Hewitt, 459 U.S. at 471-72; see, e.g., Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 11 (1979) (a protected liberty interest is created when statute expressly mandates that the state parole board, absent four specified circumstances, "shall" order an inmate's release on parole). The fact that procedural guidelines apply to an official's decision is insufficient by itself to create a liberty interest. Hewitt, 459 U.S. at 471. Procedural requirements do not create a protected interest unless those requirements are intended to be a significant substantive restriction on decision making. Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir.1984).
 
 
 6
 Although Montana's executive clemency statute and administrative regulations contain mandatory language requiring certain procedures, none of those procedures impose any substantive restriction on the Board's ultimate decision. See Mont.Code Ann. Sec. 46-23-301(2)-(3); Mont.Admin.R. 20.25.901A(5), 901A(6), 902, and 903. Consequently, Marlow has no protected liberty interest in executive clemency. See Hewitt, 459 U.S. at 471; Goodisman, 724 F.2d at 820.[1] Accordingly, the district court properly dismissed Marlow's action for failure to state a cognizable claim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, Mont.Code Ann. Sec. 46-23-301(2) provides, inter alia, that upon application for executive clemency, the Board of Pardons and Parole "shall" cause an investigation to be made. Absent any substantive restriction on the Board's ultimate decision, however, the Board's duty to conduct an investigation does not create a liberty interest protected by the federal constitution. See Hewitt, 459 U.S. at 471; Goodisman, 724 F.2d at 820