51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay E. WALLACE, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, et al., Defendant-Appellee.
 No. 94-15618.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jay E. Wallace appeals the district court's summary judgment in favor of the City and County of San Francisco on his 42 U.S.C. Sec. 1983 claim for denial of procedural due process. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Wallace contends that San Francisco violated his due process rights when it denied him reappointment to the San Francisco Police Department without providing notice of reasons or a hearing. Wallace sought reappointment one year after resigning from the force. To make out a procedural due process claim, Wallace must establish "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993). We need consider only whether Wallace has shown a constitutionally-protected property interest in reappointment. We conclude that he has not.
 
 
 4
 To have a property interest in government employment, Wallace must have "a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972); accord Brady v. Gebbie, 859 F.2d 1543, 1547-48 (9th Cir.1988). That claim must arise from " 'existing rules or understandings that stem from an independent source such as state law.' " Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994) (quoting Roth, 408 U.S. at 477). Wallace cannot establish a property interest based only on a unilateral, subjective expectancy of reappointment. Perry v. Sindermann, 408 U.S. 593, 603 (1972); Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir.1984).
 
 
 5
 Absence of discretion is the essence of a property claim. "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." Association of Orange County Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir.1983). "If the decision to confer a benefit is unconstrained by particularized standards or criteria, no entitlement exists." Allen v. City of Beverly Hills, 911 F.2d 367, 370 (9th Cir.1990) (internal quotations omitted). Nor will procedural limitations elevate a unilateral expectation into an entitlement, unless they impose a "significant substantive restriction" on the exercise of the decisionmaker's discretion. Clemente v. United States, 766 F.2d 1358, 1364-65 (9th Cir.1985); Goodisman, 724 F.2d at 820.
 
 
 6
 Wallace seeks to rest his claim of entitlement on Rule 13.03 of the San Francisco Civil Service Commission Rules, which governs reappointment. That Rule reads in relevant part:
 
 
 7
 A permanent appointee who has completed the probationary period who resigns and whose services have been certified as satisfactory by the appointing officer ... shall be permanently separated from such appointment except as follows:
 
 
 8
 Except for members of the uniformed ranks of the Police and Fire Department, upon requested on the prescribed form within a four (4) year period after the effective date of the resignation, the resignee with the approval of an appointing officer may be appointed ahead of eligibles to a vacancy in a permanent position in the class from which resigned in any department.
 
 
 9
 ...
 
 
 10
 Consistent with the above procedure, members of the uniformed ranks of the Police and Fire Department shall have two (2) years from the effective date of the resignation to request and to be reappointed.
 
 
 11
 S.F.C.S.C. Rule 13.03(A) (emphasis added).
 
 
 12
 We agree with the district court's interpretation of the section. This rule establishes eligibility for reappointment, not entitlement to reappointment. Whether reappointment will in fact occur still requires the approval of the appointing officer. The section uses the permissive "may," rather than the mandatory "shall". It is completely bereft of any restrictions, procedural or substantive, dictating under what circumstances the appointing officer should grant his approval. Because Rule 13.03 imposes no particular criteria or standards, we agree with the district court's conclusion that it confers no entitlement.
 
 
 13
 We decline Wallace's invitation to read the rule differently because the "approval" clause appears in a different paragraph than the one expressly dealing with uniformed officers. That paragraph begins, "Consistent with the above procedure ...," and then changes the relevant reapplication period. It incorporates by reference the same discretionary approval procedure applicable to all other former employees; the only effect it has is to shorten the applicable limitation period. The paragraph's closing phrase, "... to request and to be reappointed," does not make reappointment of firefighters and police officers mandatory when it is discretionary for all other employees. Nothing in Rule 13.03 creates any legitimate expectation of entitlement to reappointment.
 
 
 14
 Wallace further suggests that we can identify a property interest in reappointment based on the fact that Chief Casey may have consistently exercised his discretion to only deny reinstatement for cause. Wallace relies on Perry v. Sindermann, 408 U.S. 593 (1972), which concluded that absent a written contract, a government employee could still show a property interest in continued employment based on an implied contract arising out of "mutually explicit understandings." Id. at 601.
 
 
 15
 Wallace cannot show any express or implied contract existed apart from the Civil Service Commission Rules. As we have previously recognized, in California, public employment is governed exclusively by statute, not contract; there can be no express or implied contracts between Wallace and San Francisco restricting the manner of his reappointment. See Portman, 995 F.2d at 905; Allen, 911 F.2d at 973.
 
 
 16
 To the extent that Wallace alleges noncontractual mutually explicit understandings giving rise to a property interest, Parks v. Watson, 716 F.2d 646, 656 (9th Cir.1983), we agree with the district court's conclusion that the practices Wallace points to do not suffice. Wallace seeks to rely on the fact that Chief Casey generally only denied reappointment if some reason existed. However, unlike Perry, no written guidelines existed from which Wallace could infer assurance of reappointment unless certain criteria were met. See Perry, 408 U.S. at 600 & n. 6. Wallace can point to no mutually explicit understanding he shared with the Department. In practice, Chief Casey may have chosen to exercise his discretion in a reasoned fashion, but absent express constraints on his decisionmaking, that fact does not give rise to a constitutionally-protected entitlement.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3