DAVID R. THOMPSON, Circuit Judge:
In each of four prisoner civil rights actions, the district court entered a consent decree or an injunction and appointed a special master to monitor compliance with the decree and injunctions. Thereafter, the Arizona Legislature enacted Arizona Revised Statute Section 35-152. This statute prohibits the payment of fees and expenses incurred by a special master appointed by a federal court, unless the state legislature appropriates funds for such payment.
The defendants moved to modify the consent decree and injunctions to eliminate the requirement of a special master. The district court denied the motion and held the director of the Arizona Department of Corrections (Department), Samuel Lewis, in contempt of court for failing to pay the special masters’ court ordered fees and expenses.
The defendants appeal the district court’s order denying their modification motion and the court’s order holding Lewis in contempt. They contend newly enacted section 35-152 required the district court to grant their modification motion and excused their failure to pay the special masters’ fees and expenses.
As discussed more thoroughly below, we have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). We affirm the district court’s denial of the modification motion and its contempt order.[1]
FACTS
The present appeal involves four prisoner civil rights actions: Hook v. State of Ariz., *-184 Gluth v. Arizona Dep’t of Corrections, and two cases entitled Casey v. Lewis. In each case, the defendants were subject either to an injunction or a consent decree. Also, in each case, the district court appointed a special master to monitor compliance with the injunctions and consent decree and ordered the Department to pay the fees of the special masters on a timely basis and to maintain an account with a minimum balance that the masters could use for expenses. These orders require the special masters to submit a statement of fees by the first of the month and the defendants to pay the fees within fourteen days of receipt of the statement. The defendants also are required to maintain a minimum account balance of $5,000 in each of the Gluth and Casey cases and $3,000 in the Hook case.
After these orders were entered, the State of Arizona enacted Arizona Revised Statute Section 35-152. This section provides:
A An officer, employee or agent of this state shall not open and maintain an account for the purpose of paying fees and expenses that are incurred by a special master who is appointed by a federal court.
B. Notwithstanding any law to the contrary, an officer, employee or agent of this state is not subject to personal liability for complying with subsection A.
C. An officer, employee or agent of this state shall not pay fees and expenses for special masters appointed by a federal court unless the legislature appropriates monies for the payment of the special master fees and expenses.
D. Notwithstanding any law to the contrary, the failure of the legislature to appropriate monies for the payment of fees and expenses for special masters appointed by a federal court does not subject an officer, employee or agent of this state to personal liability for the special master fees and expenses.
E. This section applies to all bills for fees and expenses for special masters appointed by a federal court that are submitted after the effective date of this section.
Ariz.Rev.Stat. § 35-152.
Section 35-152 became effective on July 13, 1995. On August 1 and 2, 1995, the special masters submitted their invoices for services performed during July 1995. Under the court’s orders, the defendants were required to pay the bills by August 16, 1995. The defendants did not pay the bills, did not maintain the minimum account balances, and the State Legislature did not appropriate funds for the fees and expenses. Instead, on the date payment was due, the defendants filed a motion to modify the district court’s orders regarding the timing of payments of the special masters’ fees and expenses to allow presentment of the statements to the Arizona Legislature, as required by section 35-152. The defendants contended the district court should substitute a magistrate judge for the special masters to avoid a conflict with section 35-152. The prisoners responded with a petition to compel payment and moved the district court to hold Lewis in contempt.
On September 28, 1995, the district court heard the parties’ motions. At that time, the defendants had not paid the bills submitted for July or August 1995. The district court declined to modify the injunctions and decree and found Lewis in civil contempt. The district court set a date of November 1,1995, to hear argument on the appropriate contempt sanctions. Two days prior to the hearing, the defendants paid the two outstanding invoices and replenished the expense accounts.
The district court noted the defendants’ “continuous history of noncompliance” with the court’s orders and imposed a coercive fine of $10,000 per day for future noncompliance with the special master provisions. The defendants appeal from the district court’s orders denying their modification motion and holding Lewis in contempt.
DISCUSSION
A. Jurisdiction
We first must determine whether we have jurisdiction over this appeal. The parties do not dispute that we have jurisdiction over the *-183 district court’s post-judgment contempt order. See Stone v. City and County of San Francisco, 968 F.2d 850, 854-55 (9th Cir.1992), cert. denied, 506 U.S. 1081, 113 S.Ct. 1050, 122 L.Ed.2d 358 (1993). The prisoners argue, however, that we do not have jurisdiction over the district court’s order denying the defendants’ modification motion.
In this argument, the prisoners contend that “[ojrders of reference to a master are generally interlocutory and not appealable.” National Org. for the Reform of Marijuana Laws v. Mullen, 828 F.2d 536, 540 (9th Cir.1987); see also Thompson v. Enomoto, 815 F.2d 1323, 1326-27 (9th Cir.1987). In Mullen and Thompson, we concluded the appointment of a special master was not an appealable order under 28 U.S.C. § 1292(a)(1) because the appointment did not modify any provision of an injunction or consent decree.
Section 1292(a)(1) allows appeals of interlocutory orders “granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions....” 28 U.S.C. § 1292(a)(1). In Thompson, we explained the appointment did not modify a consent decree because the decree contemplated the appointment and, thus, the appointment was “pursuant to, and not a modification of, the original consent decree.” Thompson, 815 F.2d at 1327.
The present case is distinguishable. The defendants are not appealing from the appointment of or reference to a special master. Instead, based on an intervening state statute, the defendants seek to modify the injunctions and consent decree to eliminate the special master provisions by substituting a magistrate judge for the special masters. By denying the defendants’ motion, the district court has required the defendants to continue paying the masters’ fees and expenses. The denial has an injunctive effect because the defendants must timely pay the fees and expenses or be subject to contempt. The denial of the motion, therefore, is ap-pealable under section 1292(a)(1). See Stone, 968 F.2d at 859 (defining modification as “changing] the underlying legal relationship between the parties”).[2]
The next question is whether the defendants filed a timely notice of appeal.
On October 17, 1995, the district court granted the prisoners’ contempt motion and denied the defendants’ modification motion. On November 14, 1995, the district court granted the prisoners’ request for attorney fees and costs and imposed sanctions for the contempt. The defendants filed their notice of appeal on November 20,1995.
We requested supplemental briefing on the question whether the defendants were required to file a notice of appeal within thirty days of the October 17th order or whether the defendants could appeal from the modification order by filing a notice of appeal within thirty days of the November 14th order. Having read and considered the parties’ supplemental briefs, we conclude the notice of appeal was timely.
If an interlocutory order is appeal-able, a party may immediately appeal that order without awaiting entry of a final judgment. Baldwin v. Redwood City, 540 F.2d 1360, 1364 (9th Cir.1976), cert. denied, 431 U.S. 913, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). However, if the party does not immediately appeal, the party may appeal the interlocutory order after entry of the final judgment. Id. A party does not lose the right to appeal an interlocutory order by not immediately appealing and waiting for the final judgment. Id. “[T]he interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment.” Id.
In the present case, the modification and contempt motions were brought after entry of the final injunctions and consent decree. In the unique circumstances of this case, the modification order merged into the later contempt order, so that the “final” order resolving the entire dispute was the later contempt order. See id.
*-182 The modification and contempt issues were consolidated. Both issues were interrelated. The defendants sought to modify the injunctions and decree to remove the special masters. Lewis was held in contempt for failing to pay the special masters. The district court held two hearings and issued two orders only because, at the time the court heard the motions for modification and contempt, the court did not want to. get into the question of what contempt sanction it might impose if indeed the court held Lewis in contempt. The court stated it wanted to avoid any “spillover” effect.
We conclude the notice of appeal from the modification order was timely. It was not filed within thirty days of the district court’s denial of the modification motion, but it was filed within thirty days of the interrelated and consolidated contempt order in which the district court imposed contempt sanctions.[3] We next consider the merits of the defén-dants’ modification motion.
B. Motion for Modification
The defendants argue the district court abused its discretion by refusing to modify the injunctions and consent decree to eliminate the requirement of a special master. The defendants argue (1) principles of federalism require the modification and (2) under the Eleventh Amendment, the State cannot be ordered to pay the special masters’ fees and expenses.[4]
We review for abuse of discretion the district court’s ruling on a modification motion. United States v. State of Or., 769 F.2d 1410, 1416 (9th Cir.1985). However, due to federalism concerns implicated by institutional injunctions, we “scrutinize the injunction closely to make sure that the remedy protects the plaintiffs’ constitutional rights and does not require more of state officials than is necessary to assure their compliance with the constitution.” Touissant v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). “[T]he scope of federal injunctive relief against an agency of state government must always be narrowly tailored to enforce federal constitutional and statutory law only.” Clark v. Coye, 60 F.3d 600, 604 (9th Cir.1995). With respect to the consent decree in Hook, the defendants must demonstrate that a “significant change” in fact or in law warrants the modification. Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383-84, 112 S.Ct. 748, 759-60, 116 L.Ed.2d 867 (1992).
1. Federalism Concerns
The defendants first argue that the enactment of section 35-152 raises federalism concerns and requires the requested modification to the injunctions and consent decree. The defendants contend that, to vindicate a federal right, the district court may not choose a remedial measure that conflicts with state law unless that measure is necessary to remedy the violation.
It is well established that, under the Supremacy Clause, a state law is void if it actually conflicts with the United States Constitution or a federal statute. See Clark, 60 F.3d at 603. A state statute, however, need not directly violate the Constitution or a federal statute to be in violation of the Supremacy Clause. “[Ojtherwise valid state laws ... cannot stand in the way of a federal court’s remedial scheme if the action is essential to enforce the scheme.” Stone, 968 F.2d at 862.
In the present case, the district court found that the appointment and retention of the special masters was necessary to vindi *-181 cate the prisoners’ constitutional rights. The district court found that the “Special Masters were appointed after court monitoring alone had been demonstrated to be inadequate.” The district court appointed the special masters because the court did not have the resources to constantly monitor compliance with the injunctions and decree. This was required because of the defendants’ history of noncompliance and continuous attempts to alter the orders on their own without pursuing a motion for modification under Federal Rule of Civil Procedure 60(b).
In light of this history, the district court found that retention of the special masters was necessary to vindicate the prisoners’ constitutional rights.[5] These rights, consistent with the Supremacy Clause, preclude the application of section 35-152 to defeat them. Accordingly, the defendants’ reliance on Arizona Revised Statute Section 35-152 to support their modification motion is misplaced, and the district court did not err in denying that motion.
2. Eleventh Amendment
The defendants contend the Eleventh Amendment prohibits the court from ordering the state to pay the special masters’ fees and expenses. We disagree.
The Eleventh Amendment does not bar the imposition of costs to secure compliance with prospective relief or costs that are incidental or ancillary to prospective relief. Missouri v. Jenkins, 495 U.S. 33, 56 n. 20, 110 S.Ct. 1651, 1665 n. 20, 109 L.Ed.2d 31 (1990); Hutto v. Finney, 437 U.S. 678, 690, 98 S.Ct. 2565, 2573, 57 L.Ed.2d 522 (1978); Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir.1984).
C. Civil Contempt
Lewis argues the district court erred by holding him in civil contempt because (1) it was impossible for him to comply with the injunctions and decree due to section 35-152, and (2) the district court should have imposed a less severe sanction.
We review for abuse of discretion the district court’s civil contempt order, including the decision to impose sanctions. Reebok Int'l v. McLaughlin, 49 F.3d 1387, 1390 (9th Cir.), cert. denied, — U.S. —, 116 S.Ct. 276, 133 L.Ed.2d 197 (1995). The district court “has wide latitude in determining whether there has been contemptuous defiance of its order.” Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir.1984).
The defendants did not timely pay the special masters’ fees and expenses. This was a violation of the court’s specific and definitive orders. The burden of going forward thus shifted to Lewis to demonstrate he took “all reasonable steps within [his] power to insure compliance” with the injunctions and decree. See Sekaquaptewa v. MacDonald, 544 F.2d 396, 403-04 (9th Cir.1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).
Lewis contends he could not comply with the district court’s orders because the Arizona Legislature has exclusive control over the expenditure of state funds and it did not appropriate funds for the special masters pursuant to section 35-152. Thus, Lewis could not pay the special masters’ fees and expenses without violating section 35-152. He contends further that he took all the steps he could to pay the special masters in accord with section 35-152.
With regard to Lewis’s efforts to seek payment in compliance with section 35-152, he asserts he unsuccessfully sought payment from the Department of Administration-Risk Management Division, sought to place the matter before the Legislative Committee that handles interim budget requests, and asked the Governor to call a special session of the State Legislature to enact an appropriation bill to pay the special masters’ fees and expenses. The district court correctly found these efforts evidenced Lewis’s attempt to comply with Arizona’s state law, but did not evidence an attempt to comply with the federal court orders requiring payment of the special masters’ fees and expenses. Lewis did not demonstrate he took all the steps he could to avoid violating the district court’s orders to pay the fees and expenses.
*-180 Lewis also argues that section 35-152 made it impossible for him to comply with the injunctions and decree because he would have had to violate state law to comply with the federal court orders. We reject this argument. Although inability to comply with a court’s order is generally a complete defense to a coercive civil contempt sanction, United States v. Asay, 614 F.2d 655, 660 (9th Cir.1980); Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 781 (9th Cir.1983), Lewis’s asserted impossibility fails to establish this defense.
The Third Circuit rejected a similar argument in Halderman v. Pennhurst State School & Hospital, 673 F.2d 628, 638 (3d Cir.1982), cert. denied, 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984). In Hald-erman, the district court issued an injunction, appointed a special master, and required the defendants to pay the special master’s fees. Thereafter, the State enacted an appropriations bill which, in effect, prevented payments to the special master. The defendants did not make the payments, and the district court held the Secretary in contempt. On appeal, the Secretary argued it was impossible for her to comply with the injunction due to the passage of the preventive appropriations bill.
The Third Circuit rejected the Secretary’s argument. The Third Circuit concluded the impossibility defense relates to “literal physical impossibility of compliance” and not to a subsequent change in the law that allegedly makes compliance illegal. Id. In Halder-man, as in the present case, compliance was not physically impossible; funds were available for payment and the bills eventually were paid. The defendants do not assert that the State had insufficient funds and was financially incapable of making the payments.
Lewis attempts to distinguish Halderman on the ground that, in Halderman, the defendants did not bring a Rule 60(b) motion, whereas here they did. This is not a persuasive distinction. Lewis was not relieved of his obligation to comply with the court’s orders simply by filing the Rule 60(b) motion. Rule 60(b) expressly states that, “A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.” Fed.R.Civ.P. 60(b).
Lewis, of course, could have obtained a ruling from the court before being cited for contempt. He could have presented the State’s arguments in opposition to the injunction and decree by bringing a motion under Federal Rule of Civil Procedure 60(b) to modify the injunctions and decree, before payment of the fees became due. Section 35-152 was enacted in April and became effective in July. Lewis did not move the court for modification until August, after the payments were past due and unpaid. Lewis had ample prior opportunity to test the validity of section 35-152 in relation to the injunctions and decree.
Finally, the defendants argue the district court erred by not imposing a less severe sanction. The defendants suggest the district court should have limited the contempt sanctions to a holding that section 35-152 is unconstitutional and ordering payment of the fees and expenses. We disagree.
The district court documented the defendants’ extensive history of noncompliance with the injunctions and decree. The defendants consistently violated the injunctions and decree and attempted to change them without first bringing a motion to modify. In an earlier appeal in the Hook v. Lewis case, we explained, “As the district court held, the proper approach ... is to bring a Rule 60(b) motion; the Department cannot simply disregard the consent decree.” Hook v. State of Ariz., 972 F.2d 1012, 1017 (9th Cir.1992).
The record reflects that the district court could not be assured the defendants would comply with the orders in the absence of a coercive sanction. Further, the defendants can avoid incurring any monetary fine simply by complying with the court orders. The district court did not abuse its discretion.
D. Attorney Fees
The prisoners’ counsel seek attorney fees on appeal as prevailing parties. A “prevailing party” is eligible for an award of attorney fees in a civil rights action brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988; Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1534 (9th Cir.1993), cert. denied, 511 U.S. 1030, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994). Because there is no special circumstance justifying a denial of a *-179 fee award, we grant the request for reasonable fees on appeal. The amount of these fees shall be determined by the district court.[6]
We also affirm the district court’s award of attorney fees in that court.[7]
AFFIRMED.

. We do not consider the applicability, if any, of the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal. A motion for modification, based on the PLRA, is currently pending before the district court. The applicability of the PLRA to these cases should be decided, in the first instance, by the district court.

. The Hook case involves a consent decree rather than an injunction. However, a consent decree is "sufficiently injunctive in nature” and, thus, an order modifying or refusing to modify a decree may be appealable under section 1292(a)(1). Thompson, 815 F.2d at 1326.

. The defendants argue the notice of appeal was timely because no separate document was entered after the orders, as required by Federal Rule of Civil Procedure 58(a); and, alternatively, that the unique circumstances doctrine applies. Because of our resolution of the timeliness issue in the manner stated above, we need not reach these arguments.

. The modification issue is now moot in Casey v. Lewis, 834 F.Supp. 1553 (D.Ariz.1992). The Supreme Court recently reversed the injunction in that case on the basis that the prisoners did not demonstrate actual injury supporting the statewide and broad injunction issued by the district court. Lewis v. Casey, - U.S. -, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The injunction in the other Casey v. Lewis case remains in effect. See Casey v. Lewis, 834 F.Supp. 1477 (D.Ariz.1992).

. Contrary to the defendants' argument, the district court considered the alternatives presented by the defendants including the substitution of a magistrate judge for the special masters, but found there-Were no effective alternatives to vindicate the prisoners’ constitutional rights. We agree with this assessment.

. An award of fees also would be appropriate under the standards set forth by the PLRA because the fees were "directly and reasonably incurred in proving an actual violation” of the prisoners’ rights. PLRA § 7(d)(1)(A).

. The Supreme Court's reversal of the injunction in Casey v. Lewis and the Court’s issuance of a stay of the injunction in May 1994 does not affect the district court’s award of fees in this case. The issues on which the award was based, the modification and contempt issues, are separate from the validity of the underlying injunction. Further, the Casey plaintiffs' efforts were in connection with the other Casey action, which was not affected by the Supreme Court’s decision.