**Joochul KIM, Plaintiff—Appellant,**

v.

**ARIZONA BOARD OF REGENTS, Arizona State University, Michael Crow, John Meunier, and Alvin Mushkatel, Defendants—Appellees.**

No. 06–17108.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Sept. 15, 2008.

William R. Hobson, Kevin Koelbel, Counters & Koelbel, PC, Chandler, AZ, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

478

Michael Goodwin, Arizona Attorney General's Office, Phoenix, AZ, for Defendants–Appellees.

Before: W. FLETCHER, TALLMAN, Circuit Judges, and BERTELSMAN, District Judge.*

MEMORANDUM **

Plaintiff/Appellant Joochul Kim ("Kim") appeals the district court's grant of summary judgment to the Arizona Board of Regents, Arizona State University, Michael Crow, John Meunier, and Alvin Mushkatel (collectively "the University") on Kim's claims for national origin/race discrimination and violation of due process pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1]

We find a genuine issue of material fact regarding whether the University discriminated against Kim on the basis of his Asian ethnicity in denying Kim's application for promotion to full professor. Kim produced evidence of a discriminatory bias on the part of members of the relevant committees, which a jury could reasonably infer tainted the review and re-review process. We have embraced the proposition that "discrimination at any stage of the academic hiring or promotion process may infect the ultimate employment decision." *Lam v. University of Hawai'i*, 40 F.3d 1551, 1560 (9th Cir.1994) (citation omitted). The district court thus erred in granting summary judgment on Kim's discrimination claim.

We conclude, however, that the district court correctly ruled that the University was entitled to summary judgment on Kim's due process claim. The procedures which Kim alleges were violated did not enhance Kim's expectation of obtaining a full professorship enough to establish a constitutionally protected interest that would trigger the procedural due process guarantee. *See Goodisman v. Lytle*, 724 F.2d 818, 821 (9th Cir.1984).

AFFIRMED IN PART, REVERSED IN PART, and REMANDED. Costs on appeal are awarded to the Appellant.

**Alamin SAMAD, a.k.a. Eddie Dunbar, Petitioner—Appellant,**

v.

---

* Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We find that although Kim's notice of appeal encompassed the district court's dismissal of his retaliation claim, Kim effectively abandoned that claim on appeal by failing to make any argument in support of it. *See U.S.*

D.G. ADAMS,* Warden, California State Prison, Corcoran; Attorney General for the State of California, Respondents—Appellees.

No. 06–15197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed Sept. 15, 2008.

Stephanie Adraktas, San Francisco, CA, Alamin Samad, Susanville, CA, for Petitioner–Appellant.

Justain Paul Riley, Esq., Deputy Attorney General, U.S. Department of Justice, Brian George Smiley, John Gerald McLean, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

---

*v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006).

