**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRYAN BRASWELL, a married
person but filing in his individual
capacity,
     *Plaintiff-Appellant,*

     v.

SHORELINE FIRE DEPARTMENT,
formerly known as King County
Fire District No. 4; and GARY
SOMERS,
     *Defendants-Appellees.*

No. 09-35974

D.C. No.
CV 08-00924-RSM

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted
July 16, 2010—Seattle, Washington

Filed September 16, 2010

Before: Susan P. Graber and Richard A. Paez,
Circuit Judges, and Larry A. Burns, District Judge.*

Opinion by Judge Graber

---

*The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

14275

## COUNSEL

W. Mitchell Cogdill, Cogdill Nichols Rein Wartelle Andrews, Everett, Washington, for the plaintiff-appellant.

Kara R. Masters, Skellenger Bender, P.S., Seattle, Washington; and Christi C. Goeller and Clarence C. Jones, Jr., Gierke, Curwen, Dynan & Jones, P.S., Tacoma, Washington, for the defendants-appellees.

Paul A. Olsen, Assistant City Attorney, Seattle City Attorney's Office, Seattle, Washington, and Taya Briley, General Legal Counsel, Washington State Hospital Association, Seattle, Washington, for the amicus curiae.

## OPINION

GRABER, Circuit Judge:

Plaintiff Bryan Braswell, a firefighter employed by Defendant Shoreline Fire Department ("Shoreline") who formerly practiced as a paramedic with Shoreline under Defendant Gary Somers' medical license, filed this action under 42 U.S.C. § 1983. Plaintiff alleges that he had a property interest in his employment with Shoreline and a liberty interest in pursuing his profession as a paramedic and that Defendants deprived him of those interests without due process when they removed him from his paramedic position without providing adequate notice and a hearing. Plaintiff also alleges that Dr.

Somers tortiously interfered with his employment. The district court granted summary judgment to Defendants. Reviewing de novo, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008), we affirm except with respect to the alleged liberty interest. As to that claim, we reverse and remand.

Plaintiff was first employed by Shoreline in 1987 as a firefighter. In 2002, he applied to Shoreline's paramedic training program. Plaintiff became certified as a paramedic in 2003. This certification qualified him to practice as a paramedic. Wash. Rev. Code § 18.71.200(3). The certificates are valid for three years, after which time a paramedic must recertify. *Id.* § 18.71.205(2), (3); Wash. Admin. Code § 246-976-141(3). Washington law provides that, even though an individual is certified as a paramedic, he or she cannot practice paramedicine except while working under the license and supervision of a qualified medical doctor. Wash. Rev. Code §§ 18.71.030(13), 18.71.205(6).

Paramedics employed by Shoreline work under the medical license of Dr. Somers, a Program Medical Director for King County Emergency Medical Services who is in charge of the Shoreline area. Plaintiff worked as a paramedic for Shoreline from 2003 until December 2005, when the incident occurred that gave rise to this litigation.

On November 30, 2005, Plaintiff and his paramedic partner were dispatched to the residence of Tommy Davis, who had called emergency services complaining of chest pain. As part of the examination, Plaintiff asked whether Mr. Davis had used any recreational drugs that evening. Mr. Davis became agitated. Plaintiff administered a lung exam and instructed Mr. Davis to breathe deeply. However, Mr. Davis either would not or could not comply. Plaintiff bent down and spoke directly into Mr. Davis' face, instructing him repeatedly to breathe deeply. After several requests, Mr. Davis became angry and asked Plaintiff what his problem was. Plaintiff

repeated his instructions and asked Mr. Davis to give him "a little less attitude."

The exchange between Plaintiff and Mr. Davis led to a verbal altercation. Mr. Davis stood up and threw a file folder on a desk so forcefully that papers and objects flew off the desk. Mr. Davis told the paramedics to leave. Plaintiff asked Mr. Davis to fill out a release form stating that he did not consent to treatment. Mr. Davis replied, using profanities, that he would not sign the form. In the course of the altercation, Plaintiff asked whether he should call the police, and Mr. Davis responded that he would give Plaintiff a reason to throw him in jail. Feeling physically threatened and suspecting that Mr. Davis, who was rummaging through desk drawers, might be looking for a weapon, Plaintiff and his partner left without treating Mr. Davis or obtaining a release form.

The next day, Plaintiff met with his fire department supervisors and two union representatives to discuss the incident. Several days later, Plaintiff met with the chief of the fire department, the deputy chief, and Dr. Somers. Dr. Somers, after having reviewed written statements from witnesses, stated that Plaintiff had an anger management problem, that he failed to identify medically significant symptoms in Mr. Davis, and that he abandoned Mr. Davis. Dr. Somers told Plaintiff that Plaintiff was no longer authorized to practice paramedicine under Dr. Somers' medical license.

Because Dr. Somers had revoked Plaintiff's ability to practice under his medical license, Plaintiff could not legally practice paramedicine with Shoreline. *See* Wash. Rev. Code §§ 18.71.030(13), 18.71.205(6). For that reason, Shoreline reassigned Plaintiff from a paramedic position back to a firefighter position. Shoreline froze Plaintiff's salary at the higher paramedic level until his firefighter salary caught up to that level. Plaintiff's paramedic certification was not revoked, but it lapsed in 2007 when Plaintiff failed to seek recertification.

Plaintiff brought this action, alleging that Defendants violated his due process rights. The district court dismissed Plaintiff's claims on summary judgment after holding that Plaintiff had neither a property nor a liberty interest in his job and that, as a matter of law, Dr. Somers did not commit tortious interference. Plaintiff timely appeals.

Plaintiff first argues that, as a certified paramedic, he has a protected property interest in his employment as a paramedic with Shoreline. Specifically, Plaintiff claims a property right *both* in his paramedicine certificate *and* in the statutorily required supervision by Dr. Somers. Defendants concede that a property interest does attach to a professional license, but they argue that it does not attach to any specific job just because that job requires a license or certificate.

**[1]** The United States Supreme Court has defined the boundaries of a "property interest" in the context of the Fourteenth Amendment:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . .
>
> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see also Brady v. Gebbie*, 859 F.2d 1543, 1547-48 (9th Cir. 1988). State law creates a "legitimate claim of entitlement" giving rise to a protected property interest if it "im-

pose[s] 'significant limitation[s] on the discretion of the decision maker.' " *Nunez v. City of Los Angeles*, 147 F.3d 867, 873 n.8 (9th Cir. 1998) (second alteration in original) (quoting *Goodisman v. Lytle*, 724 F.3d 818, 820 (9th Cir. 1984)).

**[2]** Plaintiff fails to demonstrate that Washington law creates a property interest in the statutorily required supervision by Dr. Somers. Plaintiff points to no Washington statute or regulation that limits a medical director's discretion to revoke a paramedic's permission to practice under his or her license. Without such a limit on a medical director's authority to revoke a paramedic's permission to practice, Plaintiff could not have a "legitimate claim of entitlement" to that permission.

**[3]** Plaintiff argues, however, that because he has a property interest in his paramedicine certificate, he also has a property interest in any position he obtains with that certificate. This does not follow. In support of his argument, Plaintiff cites two Washington Supreme Court cases, *Nguyen v. State*, 29 P.3d 689 (Wash. 2001), and *Ongom v. State*, 148 P.3d 1029 (Wash. 2006), that hold that the state must prove violations by clear and convincing evidence before revoking a medical license (*Nguyen*) or a nursing license (*Ongom*). We agree with Defendants' concession that Washington courts would treat a paramedicine certification similarly. But neither case even suggests that the fact that an individual has a protected interest in a paramedicine certification means that he also has a property interest in a specific paramedic position or with a specific entity.

**[4]** Because Plaintiff's paramedic certificate did not give him a protected property interest in his particular employment as a paramedic with Shoreline, and because we find no state law that did, we affirm the district court's grant of summary judgment in favor of Defendants with regard to that issue.

Plaintiff also argues that Defendants violated his liberty interest in pursuing his profession as a paramedic when they revoked his permission to practice in a way that damaged his reputation, thereby effectively precluding him from ever finding other employment in his field. On this issue, we reverse the grant of summary judgment and remand for further proceedings.

[5] A person "has a liberty interest in employment protected by the Due Process Clause" if "the dismissal effectively precludes future work in the individual's chosen profession."[1] *Merritt v. Mackey*, 827 F.2d 1368, 1373 (9th Cir. 1987). To establish a violation of such a liberty interest, Plaintiff must show that his dismissal "destroyed [his] freedom to take advantage of other employment opportunities" and that, because of the dismissal, it is "virtually impossible for [him] to find new employment in his chosen field." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 998 (9th Cir. 2007) (internal quotation marks omitted). Here, Chief Marcus Kragness provided deposition testimony that Plaintiff would not likely be hired as a paramedic by any other fire department because of his removal from the Shoreline paramedic position. That testimony raises a triable issue of fact as to whether Plaintiff has suffered a deprivation of his liberty interest in pursuing his paramedical career.

[6] Finally, Plaintiff argues that Dr. Somers tortiously interfered with his employment relationship with Shoreline by "failing to provide due process rights and recommending immediate removal . . . from his [p]aramedic position." Under Washington law, to prove tortious interference, one must

---

[1]A person's liberty interest is also implicated if "the dismissal is for reasons that might seriously damage his standing in the community." *Merritt v. Mackey*, 827 F.2d 1368, 1373 (9th Cir. 1987) (internal quotation marks omitted). Plaintiff does not allege a deprivation of any liberty interest in his reputation untethered from his liberty interest in pursuing his profession.

show: "(1) a business expectancy, (2) knowledge of the relationship, (3) intentional interference which results in the termination of the expectancy, (4) improper purpose or means, and (5) damage." *Woody v. Stapp*, 189 P.3d 807, 811 (Wash. Ct. App. 2008). The district court rejected Plaintiff's tortious interference claim on the ground that no evidence exists that Dr. Somers acted with an improper purpose in withdrawing Plaintiff's privileges. We agree that Plaintiff failed to raise a triable issue on that element.

**[7]** Plaintiff points to no evidence, and we find none in the record, that Dr. Somers had an improper purpose or used wrongful means. Dr. Somers was charged with ensuring appropriate care to King County through his oversight of Shoreline's paramedics. No evidence suggests that Dr. Somers had any improper or wrongful motivation for his decision. Thus, we affirm the district court's holding that Plaintiff's tortious interference claim fails as a matter of law.

In summary, there is a triable issue of fact as to whether Plaintiff was deprived of a liberty interest. We therefore remand that claim for further proceedings.[2] As to the remaining claims, we affirm.

AFFIRMED in part; REVERSED in part and REMANDED. The parties shall bear their own costs on appeal.

---

[2]We note that the district court concluded only that Plaintiff had no constitutional right and that Dr. Somers did not tortiously interfere with Plaintiff's employment. It did not consider whether Dr. Somers might be entitled to qualified immunity on the remaining federal claim on the ground that the law was not clearly established, nor did the court rule on other legal issues that the parties raised. Those issues remain open on remand.