
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRYAN BRASWELL, a married person but filing in his individual capacity,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>SHORELINE FIRE DEPARTMENT, formerly known as King County Fire District No 4,<br><br>        Defendant - Appellee. | No. 12-35510<br><br>D.C. No. 2:08-cv-00924-RSM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 20, 2013[**]
San Francisco, California

Before: GRABER and PAEZ, Circuit Judges, and BURNS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Plaintiff Bryan Braswell appeals the district court's grant of summary judgment to Shoreline Fire Department. Reviewing de novo, <u>Dietrich v. John Ascuaga's Nugget</u>, 548 F.3d 892, 896 (9th Cir. 2008), we affirm.

1. In the previous appeal, we did not decide that Plaintiff had not received due process; rather, that question was open on remand. <u>See</u> <u>Braswell v. Shoreline Fire Dep't</u>, 622 F.3d 1099, 1103 n.2 (9th Cir. 2010) ("We note that the district court concluded only that Plaintiff had no constitutional right and that Dr. Somers did not tortiously interfere with Plaintiff's employment. It did not consider whether Dr. Somers might be entitled to qualified immunity . . . , <u>nor did the court rule on other legal issues that the parties raised. Those issues remain open on remand</u>." (emphasis added)).

2. We assume, but need not decide, that the actions taken implicated Plaintiff's liberty interest. Applying the three factors from <u>Mathews v. Eldridge</u>, 424 U.S. 319, 335 (1976), to the facts of this case, we conclude that Plaintiff received constitutionally adequate process. Most significantly, before Dr. Somers' decision became final, Plaintiff submitted a written statement, had two in-person meetings with decision-makers, and had an opportunity to respond to accounts by other witnesses.

**AFFIRMED.**