FILED

NOT FOR PUBLICATION

NOV 24 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


NORMAN G. LEWIS,

            Plaintiff - Appellant,

    v.

WASHINGTON STATE UNIVERSITY;
et al.,

            Defendants - Appellees.

No. 13-35384

D.C. No. 2:12-cv-00475-RHW

MEMORANDUM*


Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted October 8, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

        The facts and procedural posture of this case are known to the parties, and

we do not repeat them here.  Appellant Norman G. Lewis appeals the district

court's order granting summary judgment to defendants.  We review a district

court's grant of summary judgment *de novo*.  *Dietrich v. John Ascuaga's Nugget*,

        * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

548 F.3d 892, 896 (9th Cir. 2008).  Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Because Lewis has failed to show that he has a protected property right in his Project Director position, we affirm.[1]

Lewis undoubtedly has a property interest in his tenured position as a Regents Professor at Washington State University (WSU).  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–77 (1972).  But he claims that he also has a property right in his position as Project Director of a federal research grant awarded to WSU by the U.S. Department of Agriculture, known as the Northwest Advanced Renewables Alliance (NARA) grant.  Lewis is mistaken.  The Supreme Court has stated that to establish a property interest in a right or benefit, "a person clearly must have more than an abstract need or desire for it," and "[h]e must have more than a unilateral expectation of it."  *Id.* at 577.  Rather, he must set forth an

---

[1] We need not reach the issues of official immunity or qualified immunity because we conclude that Lewis has not been deprived of a constitutionally protected property right.

independent basis for that property right to establish his "legitimate claim of

entitlement to it." *Id.*[2]

Lewis first argues that the WSU Faculty Manual creates a property right in

his position as Project Director. But the Manual merely outlines procedures to use

in disciplinary proceedings in order to protect an employee's pre-existing

constitutional rights; it does not create an independent property interest in Lewis's

Project Director position. Procedural interests are not themselves property rights

protected by the Due Process Clause. *Olim v. Wakinekona*, 461 U.S. 238, 250

(1983) ("Process is not an end in itself. Its constitutional purpose is to protect a

substantive interest to which the individual has a legitimate claim of entitlement.").

Here, the WSU Faculty Manual states that "[t]he procedures contained herein were

drafted . . . to ensure that an employee's constitutional due process rights are

protected." Lewis cannot use the Faculty Manual's procedural protections to

independently assert a protected property right in his Project Director position.

Lewis further argues that he has a right to a post-deprivation hearing because

he was "suspended" when he experienced both a "reduction in assigned

---

[2] "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth*, 408 U.S. at 577.

3

responsibilities" and a "reduction or suspension of pay" as a result of his removal as Project Director of the NARA grant. Lewis experienced neither. First, although he no longer exercises responsibilities that he had as Project Director, his responsibilities as a WSU professor—his positions as Regents Professor and as the Director of the Institute of Biological Chemistry—remain unaffected by his removal as Project Director. The grant was awarded to WSU, not Lewis, and even though he helped apply for and, ultimately, win that grant, he still has not established any "ownership" in his position as Project Director, so he was not entitled to responsibilities under that title. Second, Lewis has not experienced a loss in compensation. The district court recognized and Lewis concedes that he "has obtained the same amount of additional salary from other non-NARA sources"—*i.e.*, other extramural grants—"as he could have received from NARA." So Lewis cannot use the Manual's "Suspension" clause to obtain a post-deprivation hearing.

Finally, Lewis asserts that "[s]tate law creates a 'legitimate claim of entitlement' giving rise to a protected property interest if it 'impose[s] significant limitation[s] on the discretion of the decision maker.'" *Braswell v. Shoreline Fire Dep't*, 622 F.3d 1099, 1102 (9th Cir. 2010) (second and third alterations in original) (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 873 n.8 (9th

4

Cir.1998));  This may be a correct principle, but Lewis has failed to identify any state laws that give him a claim of entitlement.

Because Lewis has failed to show that his removal as Project Director of the NARA grant deprived him of a protected property right, we hold that he is not entitled to a post-deprivation hearing.

**AFFIRMED.**